SACK, MARTIN, Associate Judge
(dissenting) :
Regrettably, I am constrained to dissent from the majority’s per curiam affirmance. I would reverse.
*610 This is an appeal by the defendant below from a final judgment consequent upon a jury verdict for $25,000, as a result of injuries suffered by the twelve year old plaintiff, who was struck on Highway A1A by defendant’s automobile.
The minor child and her parents were visiting people named Silva, and she and her cousins had gone from the Silva house to the beach. The accident occurred when the plaintiff attempted to cross the highway on her return from the beach.
The Silva house was not on the highway, but on a street called Diane Circle. Leaving the Silva house, one proceeded to Poinsettia, walked another 40 yards, crossed the highway, and used a path between two houses to continue to the beach. Most of the area consists of vacant lots, facing on the highway, except two or three houses, all widely separated, on the east, or the ocean side, and nothing but vacant land, including a few cleared lots with “For Sale” signs on the land, on the western side of the highway.
The defendant was driving at a speed of about 40 miles, and the speed limit in this area was 45 miles per hour. There were no signs warning of the possibility of children and evidently the Department of Transportation did not consider it necessary to reduce the speed limit on A1A in this area. The so-called “path” was not a public way, and presumably was used from time to time by adults as well, which the defendant knew.
The defendant’s testimony, the physical evidence of skid marks, the testimony of the highway patrolman, would indicate the defendant was not guilty of negligence, or, alternatively that the minor was guilty of contributory negligence. However, Mr. Silva, who appeared on the scene later, testified to statements made by the defendant, completely at variance with her version; but Mr. Silva’s testimony was denied by the defendant, and the highway patrolman asserted he heard no such statements. The believability of Mr. Silva, therefore, was a matter for the jury to determine and the question of the defendant’s negligence, vel non, as well as the contributory negligence of the child was extremely close, depending to a considerable degree on whether the jury believed Silva or not. It is immaterial as to whether I would believe Mr. Silva, as against the other physical facts, since that is not the function of this court, nor, indeed, its prerogative.
Under these close circumstances, the court gave Standard Jury Instruction 4.12, requiring a motorist to exercise reasonable care to guard against unpredictable and erratic behavior of children on or near a street or highway if he knows or should know of their presence. The giving of this charge, imposing a higher standard of care under the facts of this case, could very well have tipped the balance in favor of the plaintiff.
Standard Jury Instruction 4.12, as indicated by the comment thereto, is evidently based upon the philosophy set forth in Miami Paper Co. v. Johnston, Fla.1952, 58 So.2d 869, and Winner v. Sharp, Fla.1949, 43 So.2d 634. A reading of these cases clearly indicates that the charge is peculiarly applicable to those instances where the street or highway is in proximity to a school, playground, camp grounds, or other areas where children, in groups, may be expected to be. That was not the situation here, since the child was using an unmarked path, used occasionally by adults as well, for the purpose of passage to the ocean.
Almost everywhere, both in and out of the city limits, there will be a child near the street or highway, and I would not extend 4.12 to a situation such as that disclosed by the facts of this case, nor extend its applicability beyond the general area reasonably intended to be covered by this charge. Going beyond the general charge on negligence and giving 4.12 in addition, was bound to impress the jury with a higher degree of care to be required of the defendant than the facts justify.
*611 It may very well be that the result would have been the same without 4.12, but we have no way of knowing what occurred in the jury room, and we should not permit our evaluation of the evidence, the believability of Mr. Silva, and our natural sympathy for the child, to put our stamp of approval on the indiscriminate giving of Standard Jury Instruction 4.12.